UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORINTHIA BURGESON,

    Plaintiff,

v.   Case No. 14-CV-11193

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                               /

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS
AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On February 24, 2015, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's motion for summary judgment, and deny Plaintiff Orinthia Burgeson's motion for summary judgment. On March 10, 2015, Plaintiff filed timely objections to the magistrate judge's report and recommendation. Defendant filed a response on March 24, 2015. The court will deny Plaintiff's objections, adopt the report and recommendation, grant Defendant's motion for summary judgment, and deny Plaintiff's motion for summary judgment.

## I.  STANDARD

### A. Substantial Evidence Standard

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). Judicial review when the Appeals Council declines to hear an appeal of the

denial of benefits is limited to the record and evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### B. Timely Objections and De Novo Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447

U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong."); *Slater v. Potter,* 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard*, 932 F.2d at 509).

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court

upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II.  DISCUSSION

Plaintiff filed a six-page document entitled "Plaintiff's Objection to Report and Recommendation." Plaintiff failed to number or label her objections. Therefore, the court will address what appear to be Plaintiff's three objections. The court has considered each of these objections but will nonetheless reject them for the reasons set forth below.

### A.  Objection # 1

In Plaintiff's first objection, she argues that the magistrate judge relied on an "inaccurate definition of episodes." (Obj. at 2.) Plaintiff claims the magistrate judge's statement that there was "no evidence of specific episodes for which Plaintiff was hospitalized, received emergency treatment, or required placement in a halfway house" is inconsistent with the definition of "episodes of deterioration" provided in Defendant's regulations. (Obj. at 2.) Plaintiff accuses the magistrate judge of "relying on the inaccurate definition of episodes espoused by Defendant in her Brief." (Obj. at 2.)

The court finds Plaintiff's first objection to be without any basis. Plaintiff is correct

4

that the magistrate judge commenced her analysis of whether Plaintiff had experienced episodes of decompensation by reiterating the definition of "episodes of decompensation" provided in Defendant's brief. (R&R at 13-14.) Plaintiff, however, misrepresents both the definition utilized by the magistrate judge and the magistrate judge's analysis. The magistrate judge's analysis was not limited to the portion of the definition cited by Plaintiff. The magistrate judge also reasoned that Plaintiff's treatment records "document routine maintenance and adjustments of [her] medications, seemingly made to find the proper drug and dosage to control [her] symptoms." (R&R at 14.) The court agrees with Defendant that this line of reasoning clearly acknowledges that under the appropriate definition, episodes of decompensation "may be inferred from medical records showing significant alteration in medication." *See* 20 C.F.R. part 404, subpart P, appendix 1, section 12.00C.

Plaintiff next alleges that the magistrate judge erroneously claimed that Plaintiff's treating physician, Dr. Michael Ingram, M.D., failed to specify the number of episodes of decompensation experienced by Plaintiff. (Obj. at 2.) Plaintiff insists that Dr. Ingram's opinions were supported by the record, and maintains that neither Defendant nor the magistrate judge "provide any basis to dispute Dr. Ingram's opinion that Plaintiff suffered many such episodes, to the point that there [sic] were effectively 'continuous' or at least numerous." (Obj. at 2-3.)

The court finds that Plaintiff has again mischaracterized the magistrate judge's reasoning. Although Plaintiff provides her own summary of Dr. Ingram's treatment notes in her motion for summary judgment (Dkt. 14, p. 5-8) and response to Defendant's motion for summary judgment (Dkt. 20, p. 2), the magistrate judge

5

reasonably concluded that the cited evidence is not demonstrative of episodes of decompensation. The magistrate judge reasoned that "neither Plaintiff nor Dr. Ingram specify how many episodes of decompensation Plaintiff experienced, when the alleged episodes occurred, what caused them, what the underlying symptoms were, how long they lasted, how they were treated, or how they affected Plaintiff's adaptive functioning. In fact, the only explanation Dr. Ingram provides for his opinion is that he 'indicated continual episodes of decompensation due to ongoing episodes of anxiety.'" (R&R at 14-15.) As Defendant argued in her response to Plaintiff's objections, "[e]ven now in her Objection, Plaintiff still cannot quantify the number of episodes of decompensation Dr. Ingram allegedly documented, the number of which is of utmost importance in [Plaintiff's argument]." (Dkt. 23, p. 3) Indeed, Plaintiff has failed to show substantial evidence of "*repeated* episodes of decompensation, each of *extended duration*" as required under the regulations due to her continued failure to proffer the number and duration of her episodes. *See* 20 C.F.R. part 404, subpart P, appendix 1, section 12.00 C. 4. (Emphasis added).

    For the reasons stated above, Plaintiff's first objection is denied.

### B. Objection # 2

Plaintiff next objects to the magistrate judge's alternative conclusion that "even if the ALJ had erred in finding that Plaintiff had not suffered repeated episodes of decompensation, the ALJ's error would be harmless, as Plaintiff has not established error with regard to the ALJ's determination of the other prongs of the 'paragraph B' or 'paragraph C' criteria." (R&R at 15) Citing the applicable regulation, Plaintiff claims that "one extreme limitation in the first three functional areas of paragraph B, or four or more

episodes of decompensation, are equivalent to two marked limitations in the other three functional areas or one marked plus three episodes of deterioration." (Obj. at 3.) Thus, Plaintiff claims the "ALJ's failure to apply the actual definition of episodes of deterioration was not 'harmless error' and the MJ's finding to the contrary was in error." (Obj. at 3.) The court is unpersuaded by Plaintiff's objection.

Even if Plaintiff's characterization of the regulations is correct, Plaintiff makes no attempt to tailor her statement of legal conclusions to this case; she does not apply her version of the law to the facts of this case, nor does she make a single a citation to the record under this objection. The shortcomings in Plaintiff's legal analysis preclude the court from even beginning to review whether Plaintiff met her burden of demonstrating the requisite degree of limitation under the regulations. *See Howard*, 932 F.2d at 508 (denying objections where "no specific facts are ever alluded to [Plaintiff's] case."). Plaintiff's argument fails at the outset. The court rejects Plaintiff's second objection.

### C. Objection # 3

Plaintiff's final objection pertains to the magistrate judge's conclusion "that the ALJ provided good reasons for assigning little weight to Dr. Ingram's opinion, which are supported by the evidence of record and are sufficiently specific to clarify the reasons for the weight." (R&R at 18). Plaintiff insists the magistrate judge inadequately analyzed whether the ALJ properly assessed Dr. Ingram's opinion (Obj. at 4). She criticizes the magistrate judge's adoption of the ALJ's conclusions that "citing a few occasions when symptoms were less pronounced provides any basis for questioning Dr. Ingram's opinions," and that Dr. Ingram's opinion should be discounted "on the basis

7

that Plaintiff frequently reported only mild to moderate symptoms throughout her treatment." (Obj. at 4-5.)

As a preliminary matter, the court notes that Plaintiff's objection is a mere reiteration of the arguments raised in her motion for summary judgment and response to Defendant's motion for summary judgment. Nonetheless, the court will briefly address Plaintiff's "objection."

Plaintiff fails to acknowledge what the magistrate judge understood: the opinion of a treating physician must be based on sufficient medical data, and the ALJ may reject an opinion when not supported by objective medical evidence. *Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146, 151 (6th Cir. 1990) (*citing Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985)). Further, the "[t]reating physicians' opinions are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Chandler v. Comm'r of Social Sec.*, 124 F. App'x 355, 358 (6th Cir. 2005) (*citing Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 (6th Cir. 1994)). The court agrees with the magistrate judge that, in this case, the "good reasons" provided by the ALJ for discounting Dr. Ingram's opinion are "supported by the evidence in the case record" and "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm's of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In this case, the ALJ reasonably concluded that Dr. Ingram's opinion was inconsistent not only with the record, *but with Dr. Ingram's own treatment notes.* Indeed, the record demonstrates that Plaintiff is able to perform significant physical and emotional activities such as caring for her children and performing household chores.

8

(TR at 437.)  The record also suggests that, in addition to caring for her own children, Plaintiff also cared for foster children in her home.  (TR at 440, 446.)  These treatment records are precisely the sort of "other substantial evidence" an ALJ should consider in evaluating whether a treating physician's opinion is entitled to controlling weight.  *See* 20 C.F.R. § 416.927(c)(2)-(4).  Therefore, as detailed by the magistrate judge, the court finds that the ALJ accorded Dr. Ingram's opinion the appropriate weight.  Plaintiff's objection is therefore denied.

The court's independent review of the magistrate judge's report and recommendation reveals a thorough understanding of the relevant facts and applicable law.  The court is persuaded that the magistrate judge's report is a complete analysis and recommends the correct result.  The court will adopt the magistrate judge's report and recommendation as the determination of the court.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 22] are DENIED and the magistrate judge's February 24, 2015 report and recommendation [Dkt. # 21] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 19] is GRANTED and Plaintiff's motion for summary judgment [Dkt. # 14] is DENIED.

       s/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2015, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522